## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

JAMES D. FISHER, Individually and on　　　)
behalf of all others similarly situated,　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)　　Case No: 3:13-cv-01198-MJR-DGW
FRONTIER COMMUNICATIONS OF　　　　　)
AMERICA, INC. et al.　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　Defendants.　　　　　　　　　　)

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND REQUEST FOR STAY OF BRIEFING

Plaintiff, James D. Fisher ("Fisher"), individually and on behalf of all others similarly situated, requests that this Court, after allowing time for the parties to engage in Class Certification discovery and allowing Plaintiff to file supplemental materials and a supporting Memorandum of Law, grant this Motion for Class Certification pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(1)-(3).

Plaintiff files this Motion in accordance with the Seventh Circuit opinion in *Damasco v. Clearwire Corp.,* No. 662 F.3d 891(7th Cir. 2011). In *Damasco*, the Seventh Circuit affirmed the District Court's dismissal of a proposed class action finding that the Defendant's offer of full relief to the named Plaintiffs prior to a motion for class certification being filed, stripped Plaintiffs of their interests in the case, thereby mooting the action. The Seventh Circuit found however that "[a] simple solution to the buy-off problem…" is for "[c]lass-action Plaintiffs [to] move to certify the class at the same time they file their complaint." *Id.* at 896; *See also, Boyd v.*

1

*S.A. Godinez,* 2013 LEXIS 156001 *4 (S.D. Ill. October 31, 2013)(The filing of a motion for class certification protects Plaintiffs against mootness resulting from an offer of judgment). Responding to the concern that this approach would "provoke Plaintiffs to move for class certification prematurely, before they have fully developed or discovered the facts necessary to obtain certification," the Seventh Circuit found that it is the filing of a Motion for Class Certification and not the litigation or adjudication of that issue that actually precludes the "buy-off" problem, stating that "[i]f the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation." *Id.* Indeed, the Court found that "this procedure comports with *Federal Rule of Civil Procedure* 23(c)(1)(A), which permits district courts to wait until 'an early practicable time' before ruling on a motion to certify a class." *Id.* Accordingly, Plaintiff files this Motion to prevent Defendant from any purported "buy-off" and simultaneously requests this Court enter its Order delaying the briefing and ruling on this Motion so that the parties can conduct discovery.

## I.    Introduction

Plaintiff brings this class action lawsuit seeking damages and equitable relief from Defendants. The putative class consists of all adult persons from specific states[1] who entered into agreements with non-party Verizon Communications, Inc. ("Verizon") for high speed internet services guaranteed to never go up, whose obligations were assumed by Frontier and Frontier raised their prices for high speed internet services. Plaintiff and the Class have a common interest in recovering damages associated with not receiving the benefit of their

---

[1] These states include Illinois, Arizona, Idaho, Indiana, Michigan, Nevada, North Carolina, Ohio, Oregon, South Carolina, Washington, West Virginia, Wisconsin and certain places in California.

bargain, having been overcharged for high speed internet services and suffering further damages together with declaratory injunctive relief.

## II.    <u>Law and Analysis</u>

All elements of Rule 23(a) and Rule 23(b)(1)-(3) are satisfied.  Indeed, a district court has "broad discretion" in determining whether to certify a class.  *Retired Chicago Police Assoc. v. City of Chicago,* 7 F.3d 584, 596 (7th Cir. 1993).  Rule 23(a) requires that the Plaintiff establish numerosity, commonality, typicality and adequacy of representation.  Fed R. Civ. P. 23(a).  Rule 23(b)(1) requires that there be a risk of inconsistent or varying adjudications that would create incompatible standards of conduct for the party opposing the class or adjudications that, as a practical matter, would be dispositive of the interest of the others.  Rule 23(b)(2) requires that the party opposing the class has acted or refuses to act on grounds that apply generally to the class such that final injunctive relief or corresponding declaratory relief is appropriate for the class as whole.  Finally, Rule 23(b)(3) requires predominance and superiority.  As demonstrated here, each of these requirements is satisfied and class certification is appropriate.

### A. The Requirements of Rule 23(a) are Satisfied

#### 1.   <u>The Class is so Numerous that Joinder of all Members is Impracticable.</u>

Rule 23(a) requires that a class be sufficiently numerous to make joinder of all members impracticable.  In this context, impracticable does not equate to impossibility.  *Gomez v. Illinois State Board of Education,* 117 F.R.D 394, 398-399 (N.D. Ill. 1987).  "Although there is no bright-line test for numerosity, a class of at least forty members is generally sufficient to satisfy *Rule 23(a)(1)*." *Cavin v. Home Loan Center, Inc.*, 236 F.R.D. 387, 391 (N.D. Ill. 2006).  Indeed, "[i]t is proper for the Court to 'accept common sense assumptions in order to support a finding of

3

numerosity.'" *Snider v. Upjohn Co.*, 115 F.R.D. 536, 539(E.D. Pa. 1987), *Wolgin v. Magic Marker Corp.* 82 F.R.D. 168, 171 (E.D .Pa 1979); *See also, German v. Fed. Home Loan Mortg. Corp.,* 885 F. Supp. 537, 552 (S.D. NY 1995) and *McCabe v. Crawford & Co.,* 210 F.R.D. 631, 643 (N.D. Ill 2002). While no discovery has occurred, Plaintiff believes that the Class members number in the thousands. Although the exact number of Class members and their addresses is not presently known by Plaintiff, most, if not all of that information will be ascertainable from Defendants' records. Accordingly, numerosity is satisfied.

    2.  There are Questions of Law and Fact Common to Plaintiff and the Class.

The commonality requirement for Rule 23(a)(2) is satisfied if the Plaintiff can demonstrate the existence of a "common nucleus of operative facts," *Rosario v. Livaditis,* 963 F.2d 1013, 1018 (7th Cir. 1992), or if the Plaintiff can show the existence of common questions of law. *Scholes v. Tomlinson,* 145 F.R.D. 485, 490 (N.D. Ill. 1992). This common nucleus exists where "defendants have engaged in standardized conduct towards members of the proposed class... ." *Keele v. Wexler,* 149 F.3d 589, 594 (7th Cir. 1998). "A common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rue 23(a)(2)." *Id.* (citation omitted). Courts recognize that there may be factual differences between class members but the existence of such variations will not necessarily defeat the class aspect of the action. *Rosario,* 963 F.2d at 1017. Here, the common questions of law or fact include, among others: whether Frontier breached its contract, the nature of Frontiers' policies and practices with respect to high speed internet customers they assumed from Verizon and the proper measure of damages owed to Fisher and the Class.

Moreover, Plaintiff's factual allegations, along with the materials and information Plaintiff believes he will obtain through discovery, describe a common nucleus of operative facts

showing that Defendants have engaged in a uniform pattern and practice of raising prices on customers in violation of their obligation to never raise prices. Plaintiff's fundamental allegation is that Defendants are obligated to Plaintiff and the Class to provide high speed internet at a guaranteed price and Defendants breached this agreement by raising their prices. As a result of Defendants' common conduct, Plaintiff and Class members all suffer from, and seek redress for, the same alleged injury: financial loss (lost benefit of the bargain) and injunctive relief (forcing Defendants to honor the promised rate). Thus, numerous questions of fact and law common to the Class exist in this action.

### 3. The Claims Of Plaintiff Are Typical of the Claims of the Class

Closely related to the necessity of commonality is the third requirement of Rule 23(a) that the claims are typical of those of the class and a "plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Keele*, 149 F.3d. at 595 q*uoting De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983). Typicality exists when the "plaintiff's claim...arises out of the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same theory." *Rosario*, 963 F.2d at 1013.

In this case, the claims of Plaintiff and the Class arise from the same course of conduct by Defendants as specified in the Complaint and are based on the same legal theories. The named Plaintiff is a member of the Class he seeks to represent; that is Plaintiff entered into an agreement with Verizon for high speed internet services guaranteed to never go up, those obligations were assumed by Frontier and Frontier raised his rate for high speed internet services. Additionally, the named Plaintiff and the proposed members of the Class have all

suffered the same type of financial injury as a result of Defendants' actions--the lost benefit of their bargain. These injuries are all directly related to Defendants' common course of conduct, which affected Plaintiff and Class members. Thus, the claims of the representative Plaintiff are typical to those of the Class.

    4.  Plaintiff Will Adequately Protect The Interest of The Class

The standards of Rule 23(a)(4) are met if it appears that (1) the Plaintiff's interests are not antagonistic to those of other members of the Class and (2) the Plaintiff's attorneys are qualified, experienced, and generally able to conduct the litigation. *Rosario,* 963 F.2d at 1018.

The representative Plaintiff in this case seeks to hold Defendants accountable for breaching their agreements to provide high speed internet services at a price guaranteed to never go up. Thus, Plaintiff's claims are coextensive with, and not antagonistic to, the claims asserted on behalf of the Class. Plaintiff is also committed to vigorously prosecuting this action on behalf of the Class members.

Moreover, Class counsel is extremely experienced in litigating class actions, including consumer class actions and have been found by state and federal courts to be able, fair and experienced class advocates. Class counsel has been court-appointed to represent Plaintiff classes in numerous complex, multi-state and nationwide class actions. In sum, the named Plaintiff and class counsel readily satisfy the requirements of Rule 23 (a)(4).

**B. The Requirements of Rule 23(b)(3) Have Been Met**

    1.  Common Factual and Legal Issues Permeate The Litigation And Predominate Over Any Individual Issues.

A Court should grant class certification when questions of law and fact common to all Class members predominate over questions affecting only individual members and that a class action is a superior method for resolution. Rule 23(b)(3). The predominance inquiry tests

6

"whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 623 (1997). The possible existence of individual defenses and the need for individual proofs on subsidiary questions such as damages will not overcome the predominate common question and defeat the Class. *Asch v. Teler Levit & Silver Trust, P.C.,* 2001 U.S. Dist. LEXIS 13160, AT *7-8 (N.D. Ill. August 27, 2001). Indeed, the superiority requirement is readily satisfied in cases such as this where there are members of the Class who are likely to have "relatively small claims making it expensive to seek recovery through individual litigation," and hence, where a "class action would be the most efficient use of judicial resources in resolving the common issues… ." *In Re: Neopharm, Inc. SCC Litig.,* 225 F.R.D. at 563, 568 (N.D. Ill. 2004). Rule 23(b)(3) provides that matters pertinent to a finding of superiority include: "(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum and; (D) the likely difficulties in managing a class action."

In this case, Class members do not have an interest in individually controlling the prosecution of separate actions given the likely resources that would be required by the litigation verses the potential recovery. Indeed, the damages or other financial damages suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendants, so it would be impracticable for them to individually seek redress for Defendants' wrongful conduct. Even if the Class members could afford individual litigation the Court system could not. Individual litigation creates the potential for inconsistent or contradictory judgments and increases the

expense and judgments to all parties and the Court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale and comprehensive supervision by a single court. Given the similar nature of the Class member's claims, class treatment of this litigation will ensure that all claims and claimants are before this Court for consistent adjudication and will be easily managed by the Court and the parties here. Moreover, Plaintiff is unaware of any issues affecting only individual Class Members.

### 2. Declaratory and Injunctive Relief Is Warranted.

The prerequisites to maintaining a class action for injunctive and equitable relief pursuant to Rule 23(b)(2) exists as Defendants have acted or refused to act on grounds generally applicable to the Class. *Allen v. International Truck & Corp.,* 358 F.3d., 469, 471 (7th Cir. 2004). ("The need for, if not inevitability of, class-wide treatment when injunctive relief is at stake is what *Rule 23(b)(2)* is about"). The prosecution of separate actions by members of the Class would create a risk of establishing incompatible standards of conduct for Defendants. Further, Defendants' actions are generally applicable to the Class as a whole, and Plaintiff seeks, inter alia, equable remedies with respect to the Class as a whole. Defendants' systematic policies and practices make declaratory relief appropriate.

### C. Request for Stay of Ruling on Class Certification

Given the placeholder nature of this Motion and to preserve the ability to formally bring a Class Certification Motion after Plaintiff has had an ample opportunity to conduct a full discovery and investigation, Plaintiff requests that the Court stay its ruling on Class Certification until the issue has been fully briefed pursuant to an appropriate scheduling order entered by this Court.

Wherefore, Plaintiff respectfully requests that this Court enter an order (1) Certifying this case a class action pursuant to Rule 23(a),(b)(1), (b)(2), and (b)(3); (2) Appointing Plaintiff as representative of the Class; (3) Appointing Plaintiff's attorneys as Class Counsel; (4) staying its ruling on class certification until the issue has been fully briefed pursuant to an appropriate scheduling order entered by the Court and (5) for any further relief the Court deems just and proper.

BY: /s/ Evan D. Buxner

Evan D. Buxner          #6221006
The Buxner Law Firm
230 S. Bemiston Ave., Ste. 500
St. Louis, Mo. 63105
314.720.0623
888.851.4940 (facsimile)
Email: ebuxner@buxnerlaw.com

Todd R. Nissenholtz      #6282022
Cofman Townsley LLP
200 S. Hanley Road, Suite 1070
St. Louis, Missouri 63105
314.621.2005
314.621.3118 (facsimile)
tn@CofmanTownsley.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2013, the foregoing was filed electronically with the Clerk of Court and mailed by the United States Postal Service to the following:

**Frontier Communications of America, Inc. via Registered Agent**

Illinois Corporation Services
801 Adlai Stevenson Drive
Springfield, IL 62703

**Frontier Communications Corp. via Registered Agent**

Corporation Service Company
50 Weston St.
Hartford, CT 06120